| | |
|---|---|
| DISTRICT COURT, MESA COUNTY, COLORADO<br>125 N. Spruce Street, Grand Junction, CO 81501 | DATE FILED: July 20, 2021 3:24 PM<br>FILING ID: 45358799A2D89<br>CASE NUMBER: 2021CV30182 |
| Plaintiff: Christopher Centineo<br><br>v.<br><br>Defendant: DG Retail, LLC d/b/a Dollar General Stores | ☐ **COURT USE ONLY** ☐ |
| J. Keith Killian, Esq.                              No. 9042<br>Joseph L. Fredenburg, Esq.                  No. 55463<br>KILLIAN DAVIS Richter & Kraniak, PC<br>202 North Seventh Street<br>Post Office Box 4859<br>Grand Junction, Colorado 81502<br>Telephone: (970) 241-0707<br>Attys. for Plaintiff | Case No.<br><br><br>Div. |
| **COMPLAINT** | |

Plaintiff, Christopher Centineo, through his attorneys of record, KILLIAN DAVIS Richter & Kraniak, PC, hereby submits this COMPLAINT and in support thereof states as follows:

## JURISDICTION AND VENUE

1. On November 12, 2019, and at all other relevant times, plaintiff, Christopher Centineo (hereinafter "Centineo"), was a resident of Mesa County, Colorado.

2. Dollar General Stores is a trade name used by DG Retail, LLC.

3. Defendant, DG Retail, LLC, is a Tennessee limited liability company in good standing, authorized to do business in the State of Colorado (hereinafter "Dollar General").

4. DG Retail, LLC's principal place of business is 100 Mission Ridge, Goodlettsville, TN 37072.

5. The Dollar General is in the business of operating a chain of retail stores.

EXHIBIT A

6.      Upon information and belief, DG Retail, LLC is the owner and operator of the Dollar General, located in Mesa County at 1803 J 2/10 Road, Fruita, CO 81521-9397.

7.      The torts complained of were committed in Mesa County, State of Colorado.

8.      Jurisdiction is proper in Mesa County, Colorado.

9.      Venue is proper pursuant to C.R.C.P. 98(c)(1) and (5).

## GENERAL ALLEGATIONS

10.     On November 12, 2019, at approximately 7:00 or 8:00 p.m. Centineo arrived in the parking lot at the Dollar General located at 1803 J 2/10 Road, Fruita, CO 81521, and parked his vehicle in a marked parking spot during regular business hours to shop.

11.     On or about 7:00 or 8:00 p.m. on November 12, 2019, Centineo stepped out of his vehicle onto the parking lot at 1803 J 2/10 Road, Fruita, CO 81521.

12.     While exiting his vehicle, Centineo stepped down and his ankle turned due to at least a three (3) to six (6) inch drop from the blacktop on the edge of the parking space.



13. At the time of the incident, the parking lot of the Dollar General was dry.

14. At all times relevant hereto, the Dollar General had the duty to ensure that the parking lot was free and clear of dangers and hazards to pedestrians.

15. At all times relevant hereto, the Dollar General had the duty to warn its customers and pedestrians in the parking lot of all dangerous conditions on the premises of which it was aware or should have been aware.

16. The Dollar General knew or by the exercise of reasonable diligence, should have known, of the hazardous conditions in the parking lot.

17. The parking lot was inadequately maintained.

18. At the time of the incident, the parking lot of the Dollar General had inadequate lighting.

19. There were no signs, warnings or notices to pedestrians that the approximate three (3) to six (6) inch drop existed at an area marked for parking in the parking lot.

20. Centineo suffered serious physical injuries to his right ankle and lumbar spine.

**FIRST CLAIM FOR RELIEF**
**NEGLIGENCE**
**C.J.I.-Civ. 9:1**

21. Plaintiff incorporates by reference each paragraph of this Complaint.

22. Centineo incurred injuries, damages, and losses as a result of the November 12, 2019, incident.

23. The Dollar General was negligent.

24. The Dollar General's negligence was a cause of Centineo's injuries, damages, and losses.

**SECOND CLAIM FOR RELIEF**
**PREMISES LIABILITY TO INVITEE – SECTION 13-21-115, C.R.S.**
**CJI-Civ. 12:3 (CLE ed. 2018)**

25. Centineo incorporates by reference each and every paragraph of this complaint.

26. Centineo incurred injuries, damages, and losses as a result of the November 12, 2019, incident.

27. On November 12, 2019, and all other relevant times, The Dollar General was a "landowner," as defined in section 13-21-115(1), C.R.S., of the parking lot located at 1803 J 2/10 Road, Fruita, CO 81521-9397.

28. At the time of the above-referenced incident, The Dollar General was in possession of the real property and was legally responsible for the condition of the real property and for the activities conducted or circumstances existing in their parking lot located at 1803 J 2/10 Road, Fruita, CO 81521-9397.

29. On November 12, 2019, Centineo was an "invitee," as defined in section 13-21-115(5)(a), C.R.S., when he entered their parking lot located at 1803 J 2/10 Road, Fruita, CO 81521-9397.

30. On November 12, 2019, Centineo entered or remained on such land in response to the Dollar General's express or implied representation that the public is requested, expected, or intended to enter or remain.

31. The Dollar General had a duty to exercise reasonable care to protect against dangers of which it actually knew or as a reasonable person exercising reasonable care should have known.

32. At all times relevant hereto, The Dollar General had the duty to warn pedestrians of all dangerous conditions on its property of which it was aware or should have been aware.

33. There were no signs, warnings or notices to pedestrians that the asphalt had an approximate three (3) to six (6) inch drop in the parking space that Centineo parked his vehicle in.

34. The Dollar General knew or should have known that the approximate three (3) to six (6) inch drop on the ground of the parking space constituted a danger to pedestrians, including Centineo.

35. The Dollar General knew or should have known the approximate three (3) to six (6) inch drop on the ground of the parking lot constituted a dangerous condition.

36. The Dollar General failed to have reasonable policies and procedures in place and failed to use reasonable care to protect Centineo against the danger on its property.

37.     Centineo was injured as a result of the Dollar General's failure to exercise reasonable care.

       38.     Centineo sustained injuries, damages, and losses as a result of the Dollar General's failure.

## THIRD CLAIM FOR RELIEF
## PREMISES LIABILITY TO LICENSEE – SECTION 13-21-115, C.R.S.
## CJI-Civ. 12:2

       39.     Centineo incorporates by reference each and every paragraph of this Complaint.

       40.     On November 12, 2019, and all other relevant times, the Dollar General was a "landowner," as defined in section 13-21-115(1), C.R.S., of US Bank parking lot located at 1803 J 2/10 Road, Fruita, CO 81521-9397.

       41.     On November 12, 2019, and all other relevant times, the Dollar General was in possession of the real property and was legally responsible for the condition of the real property and for the activities conducted or circumstances existing in its parking lot located 1803 J 2/10 Road, Fruita, CO 81521-9397.

       42.     On November 12, 2019, Centineo was a "licensee," as defined in section 13-21-115(5)(b), C.R.S., when he entered the parking lot of the Dollar General located at 1803 J 2/10 Road, Fruita, CO 81521-9397.

       43.     On November 12, 2019, Centineo entered or remained in the Dollar General for his own convenience or to advance his own interests, pursuant to the Dollar General's permission or consent.

       44.     Centineo had the Dollar General's permission or consent to enter or remain on the premises of their parking lot.

       45.     As landowners, the Dollar General assumed a duty of care to Centineo, who was a licensee on the Dollar General's property on November 12, 2019.

       46.     The Dollar General knew or should have known that the approximate three (3) to six (6) inch drop existed in their parking lot and constituted a danger to pedestrians, including Centineo.

       47.     The Dollar General failed to use reasonable care with respect to the danger on its property which it created and actually knew about before Centineo incurred any injuries, damages, or losses.

5

48. The Dollar General failed to use reasonable care to warn of the danger on its property which it actually knew about, and the danger was one not ordinarily present on the ground of the parking lot.

49. The Dollar General failed to use reasonable care to protect against the danger on its property.

50. Centineo was injured as a result of the Dollar General's failure to exercise reasonable care.

51. Centineo sustained injuries, damages, and losses as a result of the Dollar General's failure.

## DAMAGES
## C.J.I.-Civ. 6:1, 6:1A

52. Plaintiff incorporates by reference each and every paragraph of this Complaint.

53. Centineo suffered injuries, damages, and losses as a result of the incident on November 12, 2019.

54. The Dollar General's acts and/or omissions caused Centineo to incur past and future economic injuries, damages, and losses, including but not limited to, loss of home services, loss of earnings, impairment of earning capacity, loss of access to employment, and reasonable and necessary medical expenses including, physician, therapy, and prescription expenses.

55. The Dollar General's acts and/or omissions caused Centineo to incur past and future non-economic injuries, damages, and losses, including but not limited to, pain and suffering, inconvenience, emotional stress, and impairment of the quality of life.

56. The Dollar General's acts and/or omissions caused Centineo to incur permanent physical impairment and disfigurement.

WHEREFORE, plaintiff respectfully requests:

A. Judgment to be entered against the defendant for a monetary sum in an amount to be proven at trial;

B. Pre-judgment and post-judgment interest;

    C.      Costs of litigation, including expert witness fees;

    D.      Reasonable attorney fees; and

    E.      Such other and further relief as the court deems just and proper.

DATED this 20th day of July 2021.

                KILLIAN DAVIS
                Richter & Kraniak, PC

*Duly authorized original signature on file at the offices of* **KILLIAN DAVIS Richter & Kraniak, PC** *pursuant to C.R.C.P. 121, section 1-26(7)*

*/s/ J. Keith Killian*
J. Keith Killian                No. 9042
Joseph L. Fredenburg        No. 55463
Attorneys for Plaintiff

Plaintiff's Address:
989 Red Bud Court
Fruita, CO 81521